UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA *et al.*,

Plaintiffs,

-v-

GILEAD SCIENCES INC.,

Defendant.

16 Civ. 6228 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, United States District Judge:

On July 29, 2025, the Court referred the above-captioned *qui tam* action to the Honorable Ona T. Wang for general pretrial proceedings, certain specific non-dispositive motions, and settlement. Dkt. 53. On July 28, 2026, plaintiff-relator Dr. Paul Bellman informed Judge Wang that "the relator and defendant Gilead Sciences"—the sole remaining defendant—"settled relator's claim for attorneys' fees," which "resolved the only remaining issue in this case." Dkt. 85.

On October 29, 2026, Judge Wang issued a Report and Recommendation "recommend[ing] that a ten-day order be entered dismissing this case," as "[i]t appears this case is fully resolved, but the parties have not filed anything to terminate the case." Dkt. 87 ("Report") at 1. Judge Wang noted that, "[i]n accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections." *Id.*

On November 3, 2026, the United States "agree[d] that the case has been resolved and can be closed." Dkt. 88 at 1. To date, the other remaining parties have not objected or otherwise responded to Judge Wang's Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Wang's Report reveals no facial error in its conclusion; the Report is therefore adopted in its entirety. Because the Report and Recommendation explicitly states that "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 2 (cleaned up), the lack of any objection operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

Accordingly, it is ORDERED that the above-captioned action is hereby dismissed and discontinued without costs, and without prejudice to the right to reopen the action within 10 days of the date of this Order.

To be clear, any application to reopen must be filed within 10 days of this Order; any application to reopen filed thereafter may be denied solely on that basis. Further, if the parties wish for the Court to retain jurisdiction to enforce any settlement agreement, and have not already done so, they must submit the settlement agreement to the Court within the same 10-day

period to be "so ordered" by the Court. Per Paragraph 4(C) of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record. Any proposed order approving the settlement agreement that seeks the Court's continued jurisdiction should either (1) expressly state that the Court retains jurisdiction to enforce the agreement or (2) incorporate the terms of the settlement agreement in the order.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 17, 2026
New York, New York